**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RODGER E. WILLIAMS, ) | |
| ) | Civil Action No. 12 – 507 |
| Plaintiff, ) | |
| ) | |
| v. ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| LOUIS FOLINO, MARK CAPOZZA, ) | |
| SERGEANT FERRIER, ) | ECF No. 19 |
| CORRECTION OFFICER ) | |
| WILLIAMS, CORRECITON ) | |
| OFFICER J.S. THOMPSON, ) | |
| CORRECTION OFFICER ) | |
| GREENWALT, CARLA SWARTZ, ) | |
| KAREN GRISKIN, | |
| | |
| Defendants. | |

**MEMORANDUM ORDER**

Pending before the Court is the Motion to Dismiss filed by all Defendants, employees of the Pennsylvania Department of Corrections at the State Correctional Institution at Greene (hereinafter referred to as "SCI-Greene"). For the following reasons, the Motion will be denied.

**I.      Nature and Posture of Case**

This action was initiated on April 17, 2012, pursuant to 42 U.S.C. § 1983. The Complaint, which is the subject of the pending Motion to Dismiss, alleges that Defendants failed to provide Plaintiff, a transgendered inmate, with mental health treatment by way of admittance into SCI-Greene's Therapeutic Recreational Program, and also denied him job opportunities because of his gender. As a result, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Count I) and treated him

1

differently than other similarly situated inmates who were not transgender in violation of his right to equal protection under the Fourteenth Amendment (Count II).  Defendants, who are sued only in their individual capacities, move to dismiss all claims against Defendants Folino, Capozza, Swartz, Williams, Ferrier and Greenwalt and also move to dismiss Count I against all Defendants in its entirety.

## II.     Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18, 2009) (citing Twombly, 550 U.S. at 555-57).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. at 556-57).

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in Phillips v. County of Allegheny,

515 F.3d 224, 232-33 (3d Cir. 2008) (construing Twombly in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of Twombly and Iqbal as follows:

> After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See* Id. at 1949-50; *see also* Twombly, 505 U.S. at 555, & n. 3.

Fowler, 578 F.3d at 210.

Thereafter, in light of Iqbal, the United States Court of Appeals for the Third Circuit in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See* Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

**III.   Discussion**

Viewed in the light of the foregoing liberal pleading standards, this Court finds that the allegations of the Complaint, when taken as true, allow the Court to draw a reasonable inference that Defendants are liable for the misconduct alleged, and that the Complaint meets the standards as enunciated in Twombly and Iqbal.

Defendants argue that Plaintiff has failed to allege the requisite level of personal involvement necessary for liability in a civil rights action against Defendants Folino, Capozza, Swartz, Williams, Ferrier and Greenwalt, and that Plaintiff is unable to state a deliberate indifference to medical needs claim against any Defendant.  Plaintiff does not dispute that liability in a civil rights action cannot be predicated on the operation of *respondeat superior*.  *See* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)).  However, as the Third Circuit has acknowledged, personal involvement can be demonstrated by means other than directly acting, or not acting, in the wrongdoing which deprived Plaintiff of his rights.  *See* Argueta v. United States Immigration & Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011).  These means are aptly set forth in Defendants' Motion and Plaintiff's response in opposition thereto, and, therefore, will not be reiterated herein.  While, at the summary judgment stage, Plaintiff may not be able to demonstrate liability on the part of any Defendant due to their lack of personal involvement under any theory, the Complaint, as it stands, contains sufficient factual matter to state a claim that is plausible on its face against these Defendants and all Defendants as to both Counts.  As such, Defendants' Motion will be denied.  An appropriate Order follows.

**AND NOW**, this 19th day of June, 2013;

**IT IS HEREBY ORDERED** that Defendants Motion to Dismiss (ECF No. 19) is **DENIED**.

                                                Lisa Pupo Lenihan
                                                Chief United States Magistrate Judge

cc:   Counsel of Record
      *Via ECF Electronic Mail*